(66 Misc. Rep. 179.)

### WILSON v. PECK et al.

(Supreme Court, Appellate Term. February 24, 1910.)

1. BILLS AND NOTES (§ 419*)—NOTICE OF PROTEST—SUFFICIENCY.

In analogy to Negotiable Instruments Law (Consol. Laws, c. 38) § 166, providing that a misdescription of the instrument in a notice of protest does not vitiate the notice, unless the party is in fact misled thereby, a notice of protest, addressed on its face to the maker of a dishonored note, but which correctly described the note, is sufficient, where the envelope containing the notice was correctly addressed to the indorser, and was received and opened by him, and he was not misled.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1130; Dec. Dig. § 419.*]

2. BILLS AND NOTES (§ 421*)—MAILING NOTICE OF PROTEST—SUFFICIENCY.

The deposit of a notice of protest in a mail chute under the control of the post office is sufficient, under Negotiable Instruments Law (Consol. Laws, c. 38) § 177, providing that notice is deemed to have been given when deposited in any branch post office or in any letter box under the control of the Post Office Department.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1185; Dec. Dig. § 421.*]

3. BILLS AND NOTES (§ 421*)—NOTICE OF PROTEST—SUFFICIENCY OF MAILING—PRESUMPTIONS.

Under Negotiable Instruments Law (Consol. Laws, c. 38) § 174, relating to notice of dishonor, and providing that notice, if given at the place of business of the person to receive the notice. must be given before the close of business hours on the day following, and, if sent by mail, it must be deposited in the post office in time to reach him in usual course on the day following, a notice placed in a mail chute by the notary on the day of protest, but not postmarked until the following day at noon, is mailed in sufficient time, as the court would presume, both parties residing in the borough of Manhattan, that the notice reached its destination by 5 o'clock.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1173; Dec. Dig. § 421.*]

4. BILLS AND NOTES (§ 526*)—NOTICE OF DISHONOR—RECEIPT OF NOTICE.

That the indorser swore that he did not get the letter until the day following the date of postmark is not sufficient to show that it was not received in time, in the absence of evidence showing that he was in his office that day.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1844; Dec. Dig. § 526.*]

Appeal from City Court of New York, Trial Term.

Action by William R. Wilson against Eliza E. Knights Peck and Joseph B. Roberts. From a judgment for plaintiff, defendant Roberts appeals. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Joseph B. Roberts, in pro. per.

Henry L. Rupert (James A. Delehanty, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WHITNEY, J. Plaintiff was indorsee of a promissory note. Appellant was payee and indorser. The offices of both were in the borough of Manhattan. The note was dishonored, and protested February 9, 1909. Appellant claims that the notice of protest was insufficient in two respects.

The first objection is that the notice was addressed on its face, by mistake, to the maker, instead of the indorsee. It described the note correctly. The envelope was correctly addressed, and was personally received and opened by appellant. By section 166 of the negotiable instruments law (Consol. Laws, c. 38) a misdescription of the instrument does not vitiate the notice, unless the party "is in fact misled thereby." This but states the law as previously settled. Mills v. Bank of the United States, 11 Wheat. 431, 6 L. Ed. 512; Gates v. Beecher, 60 N. Y. 518, 19 Am. Rep. 207. By analogy, we think that the same rule should be applied where the instrument is misdirected, instead of being misdescribed. Carter v. Bradley, 19 Me. 62, 36 Am. Dec. 735. Whether Marshall v. Sonneman, 216 Pa. 65, 64 Atl. 874, where the misdirection was on the envelope as well as on the face of the notice, would be followed in this state, it is unnecessary to discuss. Appellant was a lawyer. He knew that he had indorsed a note for that maker for that amount, which was outstanding. He knew the notary, and knew that the notary was the indorsee's attorney. He made no claim on the witness stand of having been misled.

The second objection is to the time when the notice was mailed. The notary testifies that he put it in the mail chute on the day of protest. The envelope is postmarked at the Madison Square post office on the following day at noon, and directed to appellant at 141 Broadway. No testimony is given as to what the postmark signifies as to the hour when the letter was deposited in the chute. The chute was a letter box under the control of the Post Office Department, and therefore equivalent to the post office itself. Negotiable Instruments Law, § 177. The notice is only required by the statute to be deposited "in time to reach him [the addressee] in usual course on the day following" the dishonor; and the context shows that he is to be deemed reached if the notice arrives "before the close of business hours." Id. § 174. This should certainly allow until 5 o'clock in the winter season; and in the absence of evidence to the contrary the court properly presumed that it arrived in time. Appellant swears that he did not get it until the following day, but does not testify that he was at his office on the day when it was mailed.

The judgment should be affirmed, with costs. All concur.